UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE SOSA<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br>DENYING MOTION TO RECONSIDER<br><br>Case No. 2:19-cr-374<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On May 19, 2021, Jose Sosa appeared before Magistrate Judge Bennett for a change of plea hearing. *See* Dkt. No. 48 at 1. During the plea colloquy, Judge Bennett asked, "how are you feeling today, Mr. Sosa, physically? Do you feel sick, do you feel well?" *Id.* at 6. Under oath, Mr. Sosa responded, "I feel good, Your Honor." *Id.* Judge Bennett then asked, "Are you currently under the influence of any substance that would impede your ability to understand and answer my questions today?" *Id.* Mr. Sosa answered, "No, Your Honor." *Id.* Judge Bennett also asked Mr. Sosa's counsel, "in your interactions with Mr. Sosa, have you noticed anything that would lead you to believe that he is not capable of entering a knowing and informed plea of guilty today?" *Id.* at 7. She responded, "No, Your Honor." *Id.* Later in the plea colloquy, Judge Bennett explained the rights that Mr. Sosa would be waiving, the maximum penalties he would be facing, and the sentencing procedures. *See id.* at 7–11. Mr. Sosa affirmed that he understood the consequences of his plea. *See id.* He represented that all his questions were answered relating to the plea, that he was not threatened or forced to sign it, and that he understood the rights he was waiving in the agreement. *See id.* at 11–14.

1

Mr. Sosa also signed the statement in advance of plea, and acknowledged, under oath, that he had done so. *See id.* at 11. In the statement in advance of plea, Mr. Sosa represented that his decision to plead guilty was the result of "full and careful thought," that he "was not under the influence of any drugs, medication, or intoxicants when [he] made the decision to enter the plea," and that he had "no mental reservations regarding the plea." Dkt. No. 47 at 7. "Based on Mr. Sosa's demeanor and his answers," Judge Bennett found Mr. Sosa "capable of entering a knowing and informed plea," and subsequently accepted that plea. Dkt. No. 48 at 7, 16.

On October 12, 2021, through new counsel, Mr. Sosa filed a motion to set aside his guilty plea under Federal Rule of Criminal Procedure 11(d). *See* Dkt. No. 54 at 1. Mr. Sosa represented that he had been taking "Effexor and Zyprexa for his mental health issues" at the time of his change of plea hearing and that "his state of mind" at that time "rendered him incapable of fully understanding what he was doing." *Id*.

The court held a status conference on January 6, 2022. *See* Dkt. No. 63. The court explained that given Mr. Sosa's sworn testimony at the change of plea hearing and his signed statement in advance of plea, as well as the contemporaneous observations of Judge Bennett and Mr. Sosa's prior counsel, the court could not justify setting aside Mr. Sosa's plea based solely on the second-hand, unsworn representations made by counsel in the motion. *Id*. The court emphasized, however, that it was not willing to deny the motion without giving Mr. Sosa the opportunity to present testimony if he wished to do so—though the government would be permitted to cross-examine any defense witnesses and to present its own witnesses. *Id*.

On January 19, 2022, Mr. Sosa filed an addendum to his motion in which he represented that he would not take "the stand in support of his motion to withdraw his guilty plea" and that "he has no additional information to offer at this time." Dkt. No. 64 at 1. The court then asked

Mr. Sosa's counsel whether Mr. Sosa wished to present any other testimony or evidence to the court. Mr. Sosa's counsel responded, "There is nothing that we have to add."

On January 24, 2022, the court ruled on Mr. Sosa's motion. *See* Dkt. No. 66. The court explained that it had warned Mr. Sosa that it would not grant the motion based solely on the arguments and unsworn factual assertions set forth in his motion and had "offered Defendant an opportunity to present testimony or other evidence in support of the motion." *Id*. The court further noted that Mr. Sosa "has represented that he does not intend to testify and Defense counsel informed the court that [Mr. Sosa] does not intend to offer other evidence or testimony." *Id*. (citation omitted). The court accordingly denied the motion "[i]n the absence of such evidence or testimony."[1] *Id*.

Mr. Sosa filed a motion for reconsideration on March 8, 2022. A district court may grant such a motion "when the court has misapprehended the facts, a party's position, or the law." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) "Specific grounds include: '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the

---

[1] For these reasons, the Tenth Circuit's decision in *United States v. McIntosh* is inapposite. There, the court held that when "a defendant tells the district court that he has not been taking his medications and specifically indicates that the absence of those medications is impairing his judgment," "[t]he district court must ask *some* follow-up questions such as what the medications are, what conditions they treat, and how those conditions affect the defendant's present mental state." 29 F.4th 648, 659 (10th Cir. 2022) (emphasis in original). Unlike *McIntosh*, Mr. Sosa did not raise this issue during his change of plea hearing—to the contrary, he testified under oath at that hearing that he felt "good" and was not "under the influence of any substance that would impede [his] ability to understand and answer [the court's] questions." Dkt. No. 48 at 6. And when Mr. Sosa did later argue that "his state of mind at the time of plea . . . rendered him incapable of fully understanding what he was doing," Mr. Sosa declined the opportunity to testify and allow such questions to be asked.

*United States v. Browning* is likewise inapplicable because Mr. Sosa first represented in his sworn testimony and statement in advance of plea that he was not under the influence of any medications that would impair his judgment and then, after subsequently asserting the contrary, denied the court the opportunity to "explor[e] whether his mental capacity was impaired by his use of two prescription medications." 61 F.3d 752, 753 (10th Cir. 1995).

3

need to correct clear error or prevent manifest injustice.'" *Id*. (citation omitted). But a motion to reconsider "should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Id*.

Here, Mr. Sosa has not articulated any proper ground for reconsideration. Instead, the sole basis for reconsideration is that Mr. Sosa has now decided that he is willing to testify. *See* Dkt. No. 68. Crucially though, the court already offered Mr. Sosa the chance to do just that and warned him that his motion would be denied absent testimony or other supporting evidence. Mr. Sosa's *post hoc* realization that the court meant what it said does not constitute adequate justification for reconsideration. For the foregoing reasons, Docket Number 68, Defendant's motion for reconsideration, is DENIED.

IT IS SO ORDERED.

DATED this 1st day of June, 2022.
BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge